UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CLINTON HILL, #372301

                Petitioner,

v.                                                 2:09CV193

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

                Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

On March 23, 2007, in the Circuit Court for the City of Lynchburg, Virginia, petitioner was convicted of possession of cocaine with the intent to distribute and was sentenced to serve thirteen years imprisonment. Petitioner appealed to the Virginia Court of Appeals, but on September 25, 2007, the appeal was denied by a single judge, and on December 26, 2007, the decision was upheld by a three-judge panel. Petitioner then appealed to the Supreme Court of Virginia, which refused the appeal on July 30, 2008 and refused a petition for rehearing on September 18, 2008.

On April 21, 2009, petitioner filed a petition for writ of habeas corpus in this Court, and on June 1, 2009, respondent filed a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges the following grounds:

1. The trial court erred in denying petitioner's motion to suppress a statement he made subsequent to his arrest during the search of his hotel room; and

2. The trial court erred in failing to grant petitioner's motion to strike at the conclusion of the evidence.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

2

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

3

>   (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B)(i) there is an absence of available State corrective process; or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>   . . . .
>
>   (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c) (2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### D. Petitioner's claim that his Fourth Amendment rights were violated is not cognizable under a habeas petition.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United

4

States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citations omitted). In the arena of habeas corpus, federal courts are allowed to "intervene in the state judicial process only to correct wrongs of a constitutional dimension." Wainwright v. Goode, 464 U.S. 78, 83 (1983) (citation omitted). Therefore, if a petitioner's claims do not allege a constitutional violation, his claims will fail because they are noncognizable in a federal habeas petition. See Ramdass v. Angelone, 530 U.S. 156, 120 S.Ct. 2113, 2119 (2000); Engle v. Isaac, 456 U.S. 107, 119 (1982); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999); Fisher v. Angelone, 163 F.3d 835, 854 (4th Cir. 1998); Huffington v. Nuth, 140 F.3d 572, 584 (4th Cir. 1998); Robinson v. Cross, 121 F. Supp.2d 882, 884 (E.D. Va. 2000); Satcher v. Netherland, 944 F. Supp. 1222, 1250 (E.D. Va. 1996); Griffin v. Virginia, 606 F. Supp. 941, 946 (E.D. Va. 1985).

Petitioner asserts that the U.S. Marshals violated his Fourth Amendment right against unreasonable search and seizure when they conducted a warrantless search of his hotel room. Petitioner further asserts that the trial court erred in denying his motion to suppress the evidence seized as a result of the warrantless search.

The record indicates that petitioner was arrested by U.S. Marshals Hayes and Thompson pursuant to an outstanding warrant issued by the State of New York for a parole violation. (Tr. at 74-75.) When Hayes and Thompson found petitioner, he was standing in the open door of his hotel room. (Tr. at 58.) Hayes drew his weapon and ordered petitioner to step out of the room, and he then placed petitioner against the outside wall of the hotel, two to three feet from the door to petitioner's room. Petitioner was searched, placed in handcuffs, and seated on the sidewalk outside of his room. (Tr. at 79.) At that point, Hayes became aware of a female inside the room, and he ordered her to

come outside. Both petitioner and the female were then moved inside the room, where petitioner was seated in a chair against the door, and the female was seated next to him on the floor. While Thompson guarded petitioner, Hayes proceeded to search the hotel room, beginning with a nightstand which was eight to nine feet from the door where petitioner was seated. (Jan. 23, 2007 Tr. at 18-19.) In the nightstand, Hayes found an ashtray with the remains of a number of hand rolled cigarettes, which he suspected was marijuana, as well as several glass pipes hidden in a pack of cigarettes. (Tr. at 67-68.) After finding the suspected marijuana, Hayes handcuffed the female and reseated her on the floor next to petitioner. Hayes then searched a black suitcase which was three to four feet from petitioner. Inside the suitcase was a zippered bag containing crack cocaine, some of which was packaged in small glass cylinders, as well as a digital scale. (Id. at 68.)

In examining the reasonableness of a warrantless search, the Court begins with the premise that "searches conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions. See Katz v. United States, 389 U.S. 347, 357 (1967). Among the exceptions to the warrant requirement is a search incident to a lawful arrest. See Weeks v. United States, 232 U.S. 383, 392 (1914). The exception derives from a need to protect officer safety and to prevent the destruction of evidence, which are often issues in an arrest. See United States v. Robinson, 414 U.S. 218, 230-234 (1973). However, not all searches incident to an arrest meet either the need for officer safety or protection of evidence. Therefore, a search incident to an arrest may only include "the arrestee's person and the area 'within his immediate control'--construing that phrase to mean the area from which he might

gain possession of a weapon or destructible evidence." See Chimel v. California, 395 U.S. 752, 763 (1969). Additionally, Chimel authorizes police to search a vehicle incident to a recent occupant's arrest only when the arresteee is unsecured and within reaching distance of the passenger compartment, or if it is reasonable to believe the vehicle contains evidence which would support the offense for which the arrest was made. See Arizona v. Gant 129 S.Ct. 1710, 1719, 1723-24 (2009).

The Court notes that the search in question raises concerns, given that petitioner was arrested and restrained outside of his hotel room, that there was no contraband in plain sight, that petitioner was moved back into the room by the officers, that the search extended beyond petitioner's immediate area of control, and that the search could not lead to the discovery of any evidence regarding petitioner's parole violation for which he was arrested. However, respondent correctly notes that a state prisoner is not entitled to federal habeas relief for an alleged violation of Fourth Amendment rights, unless he has shown that he was denied the opportunity in state court "for a full and fair litigation" of his Fourth Amendment claim. See Stone v. Powell, 428 U.S. 465, 494 (1976). Since neither petitioner nor the record indicates that he was denied a full and fair litigation of his claim in state court, the claim is not cognizable and should be DISMISSED.

### E. Claim 2 is Without Merit.

Petitioner asserts that the trial court erred in denying his motion to suppress the statement he made subsequent to his arrest and during the search of his hotel room. When cocaine was discovered in the suitcase, Hayes informed Thompson that he had found drugs. (Tr. at 73.) Petitioner, overhearing Hayes, immediately stated, "that's mine, that's mine, she didn't know anything about it." (Tr. at 73.) Petitioner

contends that the statement should have been suppressed, since it was the result of an unlawful search.

The Court notes that petitioner argued at the state appellate level that his statement should have been suppressed because it violated his <u>Miranda</u> rights against self-incrimination under the Fifth Amendment. Petitioner's <u>Miranda</u> rights were not administered before the commencement of the search of his hotel room because the marshals had no intention of interrogating him. <u>Miranda</u> comes into play whenever a person who is in custody is subjected either to express questioning or to its functional equivalent. <u>See</u> <u>Rhode Island v. Innis</u>, 466 U.S. 291, 300-301 (1980). Interrogation refers to any words or actions on the part of the police, other than those normally attendant to arrest and custody, which would reasonably or likely elicit an incriminating response from the suspect. <u>Id.</u> at 301. In this case, there was no express questioning of petitioner, he was not subject to the functional equivalent of questioning since the marshals could not have known their comments would elicit a response from petitioner, and the record does not suggest that the marshals knew that petitioner would make any statement. The claim is without merit and should be DISMISSED.

### F. The Evidence at Trial Was Sufficient to Support a Conviction.

The standard of review in a habeas corpus proceeding is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. <u>See</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 324 (1979). In <u>Wright v. West</u>, 505 U.S. 277 (1992), the Supreme Court held that:

> In <u>Jackson</u>, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review. We said that "<u>all of the</u>

> evidence is to be considered in the light most favorable to the prosecution," that the prosecution need not affirmatively "rule out every hypothesis except that of guilt," and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

Id. at 207-97 (citations omitted). In the present case the Court has fully reviewed the trial transcripts and has determined that the evidence, when viewed in the light most favorable to the prosecution, was sufficient to convict petitioner.

As noted by the Court of Appeals of Virginia, the evidence at trial proved that petitioner was found in a hotel room where a suitcase containing ninety grams of cocaine, a digital scale, and twelve glass vials of cocaine were discovered. The marshals also found a marijuana cigarette in the ashtray, mathematical equations on a sheet of paper, and a cigarette pack containing three glass smoking pipes. Finally, a bus ticket bearing petitioner's name and a document indicating that the room was registered to petitioner were found in the hotel room. More importantly, petitioner admitted that the cocaine found in the room was his. The evidence was sufficient to prove beyond a reasonable doubt that petitioner was guilty of possession of cocaine with the intent to distribute. The claim is without merit and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules

of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
James E. Bradberry
United States Magistrate Judge

Norfolk, Virginia

July 27, 2009

Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

Clinton Hill, #372301, pro se
Deerfield Correctional Center
21360 Deerfield Drive
Capron, VA 23829

Benjamin H. Katz, Esq.
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
        Deputy Clerk

July 27, 2009