

FILED

AUG 2 5 2009

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**CLINTON HILL, #372301**

Petitioner,

v.                                                      2:09CV193

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on March 23, 2007, in the Circuit Court for the City of Lynchburg, Virginia, for possession of cocaine with the intent to distribute. As a result of the conviction, petitioner was sentenced to serve thirteen years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on July 27, 2009. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on August 7, 2009, objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made _de novo_ findings with respect to the portions objected to, does hereby adopt and approve the

findings and recommendations set forth in the Report of the United States Magistrate Judge.   Therefore, it is ORDERED that the petition be DENIED and DISMISSED on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's findings and conclusions, the objections are without merit. While petitioner presents two issues for consideration, the manner in which he presented the issues requires three matters to be addressed. First, did the courts of the Commonwealth err when they denied petitioner's motion to suppress the products of an "unreasonable" search made at the time of his arrest?   Second, did the courts of the Commonwealth err when they refused to suppress petitioner's incriminating statements made after his arrest, but in the absence of any questioning, directly or indirectly?   Third, did the courts of the Commonwealth err when they failed to grant petitioner's motion to strike at the conclusion of the evidence.

Regarding the first issue, there was no error committed. Petitioner's objections focus almost entirely on the trial court's refusal to grant his motion to suppress the evidence of the items found during the "unreasonable" search of his motel room.   First, the search was not "unreasonable."   The record establishes that petitioner was taken into custody immediately outside of his motel room.   Inside the room was a woman, a fact not known until the officers entered the room.   When the woman was taken into custody the search began. The United States Marshals were aware that petitioner had prior firearms charges, therefore, their first concern was whether a weapon was present.   However, instead of finding a weapon, they found marijuana, cocaine pipes, and other items

2

related to the drug trade, all within a few feet of where petitioner was taken into custody. The case upon which petitioner heavily relies, Robertson v. Commonwealth, 645 S.E.2d 332 (Va. 2007), is not helpful to his position. In Robertson, the defendant was arrested outside of his home, after which the police went into the house and searched the entire residence. There was neither probable cause nor exigent circumstances which justified the warrantless search. The woman with whom the defendant lived may have already given consent and provided the police with enough material to have obtained a warrant before they entered the house. Robertson provides no support for petitioner's circumstances.

Regarding the second issue, there was no error committed. Petitioner made a verbal, voluntary statement while the search of his motel room was being conducted. The statement came after one of the Marshals advised his partner that he had found cocaine. Petitioner was never asked any questions; he simply blurted out acceptance of responsibility for the drugs.

Regarding the third issue, there was no error committed in failing to grant the motion to strike. The evidence against petitioner was overwhelming, therefore, there was no basis for granting such a motion. The judgment of the Virginia Court of Appeals regarding these claims, confirmed by the Supreme Court of Virginia, is affirmed by the record and does not embrace a constitutional violation.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing

3

of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 336 (U.S. 2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

/s/

Jerome B. Friedman
United States District Judge
UNITED STATES DISTRICT JUDGE

**Norfolk, Virginia**

Aug. 25 , 2009

4